60 CCPA

**Application of Warren F. BROWN, Deceased, et al.**

**Patent Appeal No. 8800.**

United States Court of Customs and Patent Appeals.

Nov. 22, 1972.

Patrick F. Henry, Atlanta, Ga., atty. of record, for appellants.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Fred W. Sherling, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Judges.

BALDWIN, Judge.

This appeal is from the decision of the Patent Office Board of Appeals, sustaining the examiner's rejection of claims 1–7 of appellants' application.[1] No claims have been allowed.

### The Invention

The invention relates to a friction attachment for shoe soles which may be adjusted to fit different sizes of boots or shoes. The nature of the invention is readily apparent from claim 1, which is the only independent claim in the case:

1. In a traction attachment for the sole of a shoe wherein said shoe sole customarily has the usual flat sole surface:

a. a traction attachment sheet of relatively thin construction having a friction surface on one side thereof,

b. adhesive means on said sheet on the side opposite from said friction side,

c. and means for adjusting said sheet from a larger size to a smaller size thereby to accommodate and fit many different sizes of shoe soles.

The other claims are more specific with regard to the means for adjustment of the size of the sheet. The preferred

1. Serial No. 502,651, filed November 7, 1966.

means for adjusting the sheet size is a series of weakened lines formed in the sheet in the shape of different size shoes. Figure 1 shows the general idea:

[A6770]

**FIG.1**

The size of the sheet is adjusted by determining the weakened line which most closely fits the shoe sole upon which the friction surface is desired, and tearing away the section of sheet which is outside of that weakened line.

### The Rejection

The claims were rejected under 35 U.S.C. § 103 as unpatentable over either Mitchell[2] or Ruth[3] in view of Boyer.[4]

Both the Mitchell and Ruth patents disclose antislipping pads which are attached to the bottom of shoe soles. In Mitchell the pads substantially conform in shape to the shoe soles and heels upon which they are to be used. Ruth's pads are circular in shape. Neither patent discloses that its pads are adjustable.

Boyer is directed to a medicated insole which is cemented inside the shoe so as to be in contact with the wearer's foot. Boyer's insoles have lines drawn on them which correspond to various shoe sizes. If it is desired to use the insole on a smaller shoe, one simply cuts along the line which corresponds to the smaller shoe size, and removes the excess.

The examiner and the board also relied on the common knowledge concerning the use of weakened lines. The board stated:

We agree with the Examiner that, broadly considered, perforated or weakened lines to facilitate tearing of sheet material in a predetermined direction is commonly known. Admittedly, we have no patent disclosing such weakened lines specifically used on either the Mitchell or Boyer device, but we fail to see why such specific use is patentable since it involves the use of weakened lines for its [sic] known purpose. * * *

### Opinion

We have carefully considered all of appellants' arguments, and we are in full agreement with the board. Appellants contend that Boyer is "a non-analogous or remote reference," but appellants provide no sound reason why one skilled in the art would not seek and apply the disclosure in Boyer in connection with problems pertaining to friction pads such as those shown in Mitchell and Ruth.

2. U.S. Patent No. 1,716,790, issued June 11, 1929.

3. U.S. Patent No. 1,747,603, issued February 18, 1930.

4. U.S. Patent No. 1,144,291, issued June 22, 1915.

Appellants contend that Boyer's size-indicating lines, being merely printed on his insole, and not structurally weakened, do not constitute the "means for adjusting" called for by the claims. We agree with the board that Boyer's lines, which Boyer states "facilitate cutting a smaller size," are means for adjusting his insole in the same sense as appellants weakened lines are "means for adjusting the sheet." Moreover, we agree with the examiner and the board that knowledge of the use of weakened lines as a means of facilitating the tearing of sheet material has been so common as to be notorious, and that it would have been obvious to use such lines in the devices of the references in order to facilitate reduction in size.

Appellants complain about the board's treatment of a certain alternative ground of rejection posed by the examiner, but in the view we take of this case it is unnecessary to reach that issue.

The decision of the board is affirmed.

Affirmed.